Tucker, P.
I concur with my brethren on the main point; but I am of opinion that the decree is erroneous in dismissing the hill as to the appellees; because, though they have preference, yet this being, in effect, a bill by a judgement creditor to redeem prior incumbrances, they should be a party to the decree. To sell an equity of redemption at public auction, subject to a deed of trust, the amount due upon which cannot be known, as the original debt may have been reduced by payments, is inadmissible. Whoever purchases must purchase at hazard, and of course the sale must always be a sacrifice; ruinous to the mortgagor, or perhaps to other creditors. In such cases, it is therefore always proper that the junior incumbrancer should convene all the prior incumbrancers before the court. Gilm. 133. There is a further reason, I think : as a general rule, sales ought not to be made where the legal title does not pass by the sale. Purchasers of equities always purchase at risque, and sales at risque always tend to sacrifices. To decree a sale at risque would seem, indeed, at variance with the principles of the court, though I will not say no case can occur in *436 which it would be permitted. My opinion is that the decree should be reversed, with the intimation however of the opinion of this court, that the cestuis que trust creditors have a preferable right to payment.
Decree affirmed.